THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**BETSY S. FARNSWORTH and**
**BRITTANY E. GAMBER on behalf**
**of themselves and others similarly situated,**

    **Plaintiffs,**

v.   Case No. 2:18-cv-01334

**LOVED ONES IN HOME CARE, LLC,**

    **Defendant.**

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Betsy S. Farnsworth and Brittany E. Gamber (formerly Brittany Carter) ("Plaintiffs"), on behalf of themselves and all other persons similarly situated, known or unknown, through their attorneys, and for their Complaint against Loved Ones In Home Care, LLC ("Defendant"), state as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* for Defendant's failure to pay Plaintiffs and other similarly-situated health care workers for travel time between client homes.

2. Defendant operates an in-home personal care and nursing services company in Charleston, West Virginia.

3. At all relevant times herein, Defendant had a policy or practice of not paying its employees travel time between client homes during the workday.

4. Under the FLSA, time spent by an employee in travel as part of the employee's principal activity, such as travel from job site to job site during the workday, must be counted as hours worked. 29 C.F.R. § 785.38.

5. Defendant violated the FLSA by its policy or practice of failing to pay its employees for travel time between client homes.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over Plaintiffs' FLSA claims, which arise under 29 U.S.C. §216(b), pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. 28 U.S.C. § 1391.

## FLSA COLLECTIVE ACTION ALLEGATIONS

8. Plaintiffs bring this action on behalf of themselves and all other similarly-situated employees, *see* 29 U.S.C. § 216(b), which are defined as follows:

> All persons formerly and/or currently employed by Defendant within three years preceding the filing of this lawsuit who (1) were non-exempt, (2) traveled between the homes of two or more clients in a workday, and (3) whose paid working hours combined with unpaid travel time between the homes of two or more clients in a workday exceeded forty (40) hours in a workweek.

9. Defendant is aware or should have been aware that federal law requires it to pay its employees as hours work for travel time between client homes during the workday.

10. Plaintiffs are similarly situated to Defendant's other employees who cared for clients of Defendant at their homes because those employees, like Plaintiffs, were also not paid for travel time between client homes.

11. There are numerous similarly-situated current and former employees who worked for Defendant who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt in to this lawsuit.

12. Similarly-situated employees, like Plaintiffs, are known to Defendant and are identifiable in its payroll records.

## THE PARTIES

13. Defendant is a West Virginia limited liability company.

14. Defendant's principal place of business is located at 144 7th Avenue, Charleston, West Virginia 25303.

15. Defendant is owned and operated by Donna L. Skeen.

16. Plaintiff Farnsworth is a resident of West Virginia.

17. Defendant employed Plaintiff Farnsworth as a Caregiver on April 16, 2007. Plaintiff Farnsworth is currently employed by Defendant.

18. During her employment, Plaintiff Farnsworth provided care to clients in their private homes including, but not limited to, assistance with mobility, personal hygiene, dressing/undressing, wound care, bathing, meal preparation, transportation to grocery stores, and transportation to doctor's appointments.

19. Plaintiff Farnsworth often cared for more than one client in any given workday, which required her to travel from one client's home to another during her work shift.

20. Defendant refused to pay Plaintiff Farnsworth for travel time between client homes during her work shift.

21. Plaintiff Gamber is a resident of Kanawha County, West Virginia.

22. Defendant employed Plaintiff Gamber as a Caregiver at its Charleston, West Virginia location from 2014 to 2017.

23. During her employment, Plaintiff Gamber provided care to clients in their private homes including, but not limited to, assistance with mobility, personal hygiene, dressing/undressing, wound care, bathing, meal preparation, transportation to grocery stores, and transportation to doctor's appointments.

24. Plaintiff Gamber often cared for more than one client in any given workday, which required her to travel from one client's home to another during her work shift.

25. Defendant refused to pay Plaintiff Gamber for travel time between client homes during her work shift.

## COMMON FACTUAL ALLEGATIONS

26. During the workday, Defendants required its employees, like Plaintiffs, to travel to the private homes of clients.

27. Defendant refused to pay its employees, like Plaintiffs, for travel time between client homes during their work shift.

28. Defendant's employees, like Plaintiffs, were not paid for work performed in excess of forty (40) hours in a workweek.

## COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages
### Collective Action

29. This paragraph incorporates by reference all the preceding paragraphs as if they were set forth fully herein.

30. This Count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for its failure to pay Plaintiffs and similarly situated employees for hours worked in excess of forty (40) hours in a workweek.

31. Plaintiffs bring this Count as a collective action under Section 16(b) of the FLSA.

32. Plaintiffs' consent forms to act as representative plaintiffs are attached hereto as Exhibit A.

33. Defendant was Plaintiffs' "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

34. Plaintiffs were "employee[s]" of Defendant as defined by the FLSA. 29 U.S.C. § 203(e)(1).

35. During the entire course of their employment by Defendants, Plaintiffs were not exempt as contemplated by the FLSA.

36. In one or more individual workweeks during their employment, Plaintiffs were not paid for work performed in excess of forty (40) hours.

37. In each of the last three years, Defendant has been an "enterprise" as defined by Section 3(r)(1) of the FLSA. 29 U.S.C. § 203 (r)(1).

38. In each of the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

39. Defendant's annual gross volume of sales made or business done has exceeded $500,000 in each of the last three calendar years.

40. By refusing to properly pay compensation to Plaintiffs and the Collective Action Members for hours worked in excess of forty (40) hours during the workweek, Defendant has willfully violated the FLSA's requirement that covered employees be compensated at a rate not

less than one-and-one-half times the regular rate of pay for work performed in excess of forty (40) hours during a workweek. 29 U.S.C. § 207(a)(1) and 215(a).

41. The foregoing conduct, as alleged herein, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and all Collective Action Members, respectfully request that the Court grant the following relief:

a. designation of this action as a collective action on behalf of Collective Action Members and a prompt issuance of notice, pursuant to 229 U.S.C. § 216(b), to all Collective Action Members, notifying them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b. a declaratory judgment that practices alleged herein are unlawful under the FLSA;

c. an aware of unpaid wages, including overtime compensation, due under the FLSA;

d. an aware of liquidated damages as a result of Defendant's willful violations of the FLSA;

e. an award of all incidental and consequential damages resulting from Defendant's violation of the 29 U.S.C. § 215(a);

f. an award of prejudgment and post judgment interest;

g. an award of costs and expenses of this action together with reasonable attorneys' fees; and

h. such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Dated: October 1, 2018

                                                                Respectfully submitted,

/s/ Rodney A. Smith
_____
Rodney A. Smith (WVSB #9750)
Todd S. Bailess (WVSB #10482)
Bailess Smith PLLC
120 Capitol Street
Charleston, WV 25301
Telephone: (304) 342-0550
Facsimile: (304) 344-5529
rsmith@bailesssmith.com
tbailess@bailesssmith.com

Mark A. Toor (WVSB #5228)
1210 Kanawha Blvd., East
Charleston, West Virginia 25301
Telephone: (304) 380-2111
mark@marktoor.com