IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BETSY S. FARNSWORTH, et al.,

         Plaintiffs,

v.                               CIVIL ACTION NO. 2:18-cv-01334

LOVED ONES IN HOME CARE, LLC

         Defendant.

MEMORANDUM OPINION AND ORDER

I.     Introduction

Pending before the court is the defendant's Motion to Dismiss Collective Action Complaint [ECF No. 5] and Motion to Dismiss Amended Collective Action Complaint [ECF No. 10]. For the following reasons, the Motion to Dismiss Collective Action Complaint [ECF No. 5] is **DENIED as moot**, and the Motion to Dismiss Amended Collective Action Complaint [ECF No. 10] is **DENIED.**

II.     Background

This case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for failure to pay overtime wages. The plaintiffs bring this case against their employer, Loved Ones in Home Care, LLC ("Home Care"). Home Care is a large provider of home health care services in southern West Virginia. The plaintiffs allege that they are caregivers who provided direct care in the homes of Home Care's clients.

Their work included assisting with mobility, personal hygiene, dressing the clients, wound care, bathing, meal preparation, and transportation to grocery stores and doctors' appointments. Part of their jobs required them to travel between the homes of Home Care's clients. Under the FLSA, "[t]ime spent by an employee in travel as part of the employee's principal activity, such as travel from job site to job site during the workday, must be counted as hours worked." 29 C.F.R. § 785.38. The plaintiffs allege that the defendant failed to follow this requirement.

On October 1, 2018, the plaintiffs filed their Complaint [ECF No. 1]. The defendant moved to dismiss on November 26, 2018. *See* ECF No. 5. On December 10, 2018, the plaintiffs filed their Amended Complaint [ECF No. 8]. On January 9, 2019, the defendant filed its Motion to Dismiss Amended Complaint [ECF No. 10] for failure to state a claim under 12(b)(6) of the *Federal Rules of Civil Procedure*. The plaintiffs responded on January 23, 2019, and the defendant did not reply. The Motion is now ripe for review.

### III. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

To survive a motion to dismiss, the plaintiffs' factual allegations, taken as true, must "state a claim to relief that is plausible on its face." *Robertson v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although it is true that "the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017) (citing *Wright v. North Carolina*, 787 F.3d 256, 263 (4th Cir. 2015)). Thus, "a complaint is to be construed liberally so as to do substantial justice." *Id.*

## IV. Discussion

"[T]o make out a plausible overtime claim [under the FLSA], a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours." *Hall*, 846 F.3d at 777. "Under this standard, plaintiffs seeking to overcome a motion to dismiss must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay." *Id.*

"At the same time, however, [the Fourth Circuit has] emphasize[d] that [this] standard . . . does not require plaintiffs to identify a *particular* week in which they

3

worked uncompensated overtime hours." *Id.* Rather, it is intended "to require plaintiffs to provide some factual context that will 'nudge' their claim 'from conceivable to plausible.'" *Id.* (quoting *Twombly,* 550 U.S. at 570). Thus, to state a plausible FLSA overtime claim, plaintiffs "must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Id.* (quoting *Nakahata v. N.Y.– Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013)).

"A plaintiff may meet this initial standard 'by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, *or any other facts* that will permit the court to find plausibility.'" *Id.* (quoting *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014)).

Here, Plaintiff Farnsworth alleges that she was actively working for two clients, which required a one-hour drive between assignments. She alleges that she was regularly scheduled to work in excess of sixty-nine hours each week and that the defendant failed to pay Plaintiff Farnsworth for the travel time between homes. Plaintiff Fansworth alleges that she received no compensation for her overtime hours. Plaintiff Gamber also alleges that the defendant failed to pay her for her travel time. She alleges that she worked in multiple clients' homes each day and that between three clients, Plaintiff Gamber traveled one hour each day between their homes. She alleges that she was not compensated for her travel time at any rate (i.e., straight

4

time nor overtime). Plaintiff Farnsworth has worked for the defendant, and continues to do so, since April 2007. Plaintiff Gamber has worked for the defendant from 2014 to 2017. The plaintiffs allege that the practice of not paying for travel time existed both before and after the defendant instituted a travel policy in mid-March 2016. As such, I find that the plaintiffs have alleged sufficient factual matter to state a plausible overtime claim.

Nevertheless, the defendant argues that the plaintiffs' attorney is merely trying to file a lawsuit for the sole purpose of extorting attorney's fees when only a de minimis claim exists. The defendant also argues that the claims are not true and that the plaintiffs were actually *overpaid* for their travel time. However, the court is bound to accept as true the factual allegations in the Amended Complaint read in the light most favorable to the plaintiffs, not the factual allegations in the defendant's Motion, especially facts that are at the heart of the controversy. Here, the plaintiffs have alleged enough factual matter to survive the defendant's Motion.

Finally, the defendant argues that even if one minor deviation can be shown, "such a minor individual deviation would not justify certification of a class." Mem. 7 [ECF No. 10]. While the court recognizes that the standards for "certification of a class" under Rule 23 and "certification of a collective action" differ, the court need not address them now because the plaintiffs have not yet sought certification.

## V. Conclusion

For the foregoing reasons, the defendant's Motion to Dismiss Collective Action Complaint [ECF No. 5] is **DENIED as moot** and the Motion to Dismiss Amended Collective Action Complaint [ECF No. 10] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: February 27, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE