IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**BETSY S. FARNSWORTH and**
**BRITTANY E. GAMBER on behalf of**
**themselves and others similarly situated,**

    Plaintiffs,

v.                                    CIVIL ACTION NO.  2:18-cv-01334

**LOVED ONES IN HOME CARE, LLC,**

    Defendant.

## JOINT MOTION TO APPROVE SETTLEMENT

Now Comes, Betsy S. Farnsworth, Brittany E. Gamber, Linda Harris, Sonya Shaffer, Janet Shrewsbury, Gloria Choate, Alisha Adkins, and Rita Hatfield-Canterbury (collectively "Plaintiffs")[1] by counsel, and Loved Ones In Home Care, LLC ("Defendant") (collectively referred to as "Parties), through their counsel, hereby submit this Joint Motion To Approve Settlement ("Motion").

**I.**    **Factual Background**

Plaintiffs were employed by the Defendant and provided in-home health care and nursing services to its clients.  Plaintiffs have alleged that Defendant failed to pay Plaintiffs for travel time between client homes during their workday in violation of in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.  and 29 C.F.R. § 785.38.  In order to best determine the extent of violations, if any, the Parties agreed to engage in calculated discovery for randomly selected time period in which the Plaintiffs worked for Defendant.  Given the results of this data, the inherent risk of not prevailing at trial, and to save client costs/resources, the Parties agreed to resolve this

---

[1] Plaintiffs Choate, Hatfield-Canterbury, Adkins, Shrewsbury, and Harris joined this action through written consents.

1

case globally for ten thousand ($10,000) dollars. The distribution will be $1,000 per Plaintiff and the remaining proceeds to be applied to Plaintiffs' counsel's expense. Plaintiffs' counsel are waiving their attorneys' fees incurred prosecuting this case. Plaintiffs' counsel and Plaintiffs consent to the settlement.[2]

## II.     Court Approval of Private Settlement of FLSA Claims

Fourth Circuit precedent, as well as the FLSA, requires that the Court approve a private settlement of claim under the FLSA. *See Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007); *Lynn's Food Stores, Inc. v. United States of America*, 679 F.2d 1350, 1353 (11th Cir. 1982). If a settlement in an FLSA case is the product of a reasonable compromise over issues, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. Although the Fourth Circuit has yet to address the factors to be considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Saman v. LBDP, Inc.,* Civil No. DKC–12–1083, 2013 WL 2949047, *2 (D. Md. June 13, 2013) (citing *Lynn's Food Stores, Inc.* 679 F.2d at 1350); *see also Patel v. Barot,* 15 F. Supp. 3d 648, 656 (E.D. Va. 2014) (listing the same factors announced in *Lynn's Food Stores*).

Pursuant to *Lynn's Food Stores,* a FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id*. at *3 (quoting *Lynn's Food,* 679 F.2d at 1355). Consequently, the Court must first assess the "*bona fides* of the parties' dispute . . . to determine if there are FLSA issues that are 'actually in dispute.'" *Id*. (quoting *Lane v. Ko–Me, LLC,* Civil No. DKC–10–2261, 2011 WL 3880427, *2 (D. Md. Aug.

---

[2] (Ex. 1, Bailess Decl., ¶ 9).

31, 2011)). The Court must then consider the terms of the proposed settlement agreement for fairness and reasonableness by weighing the following factors:

    (1)    the extent of discovery that has taken place;

    (2)    the stage of the proceedings, including the complexity, expense and likely duration of the litigation;

    (3)    the absence of fraud or collusion in the settlement;

    (4)    the experience of counsel who have represented the plaintiffs;

    (5)    the opinions of [ ] counsel . . . ; and

    (6)    the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo v. Parsons Brinckerhoff, Inc.*, Civil No. 08–1310, 2009 WL 3094955, *10 (E.D.Va. Sept. 28, 2009) (collective action). Where, as is the case here, the proposed settlement agreement "includes a provision regarding attorneys' fees, the reasonableness of the award must also be independently assessed[.]" Id. (internal quotation omitted).

### III. The Court Should Approve the Parties' Settlement Agreement

The parties' settlement agreement is a fair and reasonable resolution of a *bona fide* dispute regarding alleged violations of the FLSA. As detailed below, each of the pertinent factors weighs in favor of approving the parties' proposed settlement agreement.

#### 1. A Bona Fide Dispute between the Parties Existed over Liability

A *bona fide* dispute exists as to Plaintiffs' entitlement to relief under the FLSA. The Court may look to the pleadings and the parties' representations in subsequent court filings to determine the existence of a *bona fide* dispute. *See Saman*, 2013 WL 2949047 at *3 (citing *Lomascolo*, 2009 WL 3094955 at *16–17).

3

A *bona fide* dispute is evident from the parties' Amended Complaint, Answer and the briefing on Defendant's motion for summary judgment. In their Complaint, Plaintiffs allege that they have been subject to unfair pay practices in violation of the FLSA. (Dkt. No. 7-1¶ 1). Defendant denies these allegations. (Dkt. No. 17, ¶ 1). Moreover, Defendant has maintained throughout this litigation that Plaintiffs were in fact, overpaid. (Dkt. No. 10). Specifically, Defendant assertions and the Parties' pleading as a whole establish that there is a *bona fide* dispute as to Plaintiffs' FLSA claim.

2. **The Proposed Settlement Is Fair and Reasonable**

**a. The Extent of Discovery.**

To date, the Parties have served the required Rule 26(a)(1) disclosures and engaged in written discovery calculated to determine Plaintiffs' damages, if any. Specifically, the Parties agreed to preliminarily conduct a sampling from the following critical data: (1) payroll journal entries, (2) handwritten time sheets, (3) physical addresses of each patient cared for by Plaintiffs, and (4) the order in which each patient was care for in a workday. For reliability purposes, the Parties agreed for Plaintiffs' counsel to choose any five months within a two to three-year period for which the data would be comprised. Given the crux of both Parties' position, i.e. not paid versus overpaid, the Parties believed this would be the best approach to determine the extent of the damages and to save client resources.

**b. The Stage of the Proceeding.**

The stage of the proceeding leading up to the Settlement Agreement also reflects that the Settlement Agreement is fair and reasonable. It was not until after the Parties exchanged and analyzed critical data before a settlement agreement was reached.

In response to the Complaint, Defendant filed a Motion to Dismiss. Plaintiffs Amended their Complaint and Defendant renewed its Motion to Dismiss. The parties conferred and on

January 14, 2019, they submitted a Joint Report on Rule 26(f) Report of Planning Meeting (ECF No. 11). On or around February 22 and 25, 2019, the Parties exchanged Rule 26(a)(1) initial disclosures (ECF Nos. 14 and 15). On February 27, 2019, the Court denied Defendant's Motion to Dismiss the Amended Complaint (ECF No. 16). Defendant filed its Answer to the same on February 27, 2019 (ECF No. 17). Next, Plaintiffs filed moved the Court for step-one certification of the collective action which was met with opposition from Defendant (ECF Nos. 21 and 22). Plaintiffs served their first set of discovery requests to Defendant on September 19, 2019 (ECF Nos. 23-30). Defendant responded to Plaintiffs' discovery requests as indicated above. Clearly, the case had developed to a point where the Parties could fairly assess the merits of the case and arrive at a fair and reasonable settlement.

### c. The Absence of Fraud or Collusion In The Settlement

There is no evidence or basis to suggest that this settlement is the product of fraud or collusion. The Parties reached the settlement agreement by arms-length negotiations over a period of several months. The Parties entered the settlement agreement after consulting with their counsel as to the meaning and effect of the settlement. Throughout this case, Plaintiffs understood their rights and ultimately consented to the underlying settlement. Finally, this settlement is not the product of undue influence, duress, overreaching, collusion or intimidation. Further, "[t]here is also a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Camp v. Progressive Corp.*, Civil No. 01-2680, 2004 WL 2149079, *7 (E.D. La. Sept. 23, 2004). In short, the settlement agreement is not the product of fraud or collusion.

### d. The Experience of Plaintiffs' Counsel.

Plaintiffs' counsel are competent and well-experienced in wage and hour litigation.

Since 2009, Mr. Bailess has primarily represented workers in employment related matters with a focus on recovering unpaid/late wages on behalf of these workers. He has prosecuted cases involving the FLSA, and he has been recognized as class counsel in numerous cases involving the West Virginia Wage Payment and Collection Act. These and other cases have successfully recovered wrongfully withheld wages on behalf of thousands of working people. (Ex. 1, Bailess Decl., ¶ 6). Furthermore, Mr. Bailess has experience in handling federal court litigation in general having been lead counsel in cases involving the FLSA, Family Medical Leave Act, the Uniformed Services Employment and Reemployment Rights Act, and the False Claims Act. *Id.* at ¶ 6.

Mr. Toor has been a member of the West Virginia State Bar since 1989. Since that time, Mr. Toor has practiced in the area of labor and employment, and he is well-versed in federal wage and hour law.

Accordingly, Plaintiffs were represented by experienced counsel who exhibited knowledge of the applicable law and defenses to overcome. Furthermore, Plaintiffs were given competent legal advice in order to evaluate their claims under the FLSA.

### e. The Opinions of the Parties

Based on Plaintiffs' and Defendant's counsel's knowledge of the case and the applicable law, as well as their experience in wage and hour litigation, counsel believes the settlement is fair and reasonable. "While the opinion and recommendation of experienced counsel is not to be blindly followed by the trial court, such opinion should be given weight in evaluating the proposed settlement. *Flinn v. FMC Corp.*, 528 F.2d 1169 (4th Cir. 1975).

### f. The Probability of Plaintiffs' Success on the Merits and the Amount of the Settlement in Relation to the Potential Recovery

This case posed a serious risk that Plaintiffs would not have substantially prevailed at trial given the data analyzed coupled with Defendant's position that Plaintiffs were overpaid. In

reaching the agreement to pay $1,000 per Plaintiff, the Defendant calculated a deficiency of twenty minutes of travel time each workday that Plaintiffs worked in the past two years. Note, in reaching this calculation, Defendant was not conceding that a deficiency ever existed. Even if Plaintiffs prevailed at trial, there is a risk based upon the data analyzed that a jury would not find damages that reached $1,000 for each of the Plaintiffs.

Given the challenges that existed moving forward, the benefit that Plaintiffs will receive from the settlement is fair and reasonable.

### IV. The Requested Attorneys' Fees, Costs and Litigation Expenses Are Unopposed and Should be Approved

Plaintiffs' counsel have incurred over forty thousand dollars ($40,000) in attorneys' fees, which they are waiving. Plaintiffs' counsel has incurred over $2,300 in litigation costs, $2,000 of which they are seeking. (Ex. 1, Bailess Decl. ¶ 11). Defendant does not object to counsel's request for their expenses to be awarded.

The attorneys' fees provision of the FLSA exists to enable Plaintiff's to employ reasonably competent lawyers without cost to themselves if they prevail and, thereby, to help ensure enforcement of the substantive provisions of the Act. 29 U.S.C. § 216(b) ("The court in an action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"). In FLSA cases, "the wronged employee should receive his full wages . . . without incurring any expenses for legal fees or costs." *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946).

Plaintiffs' Counsel request for $2,000 in litigation costs is reasonable and should be approved.

### V. Conclusion

The Parties reached this Settlement Agreement as the result of contested litigation, and it


resolves a *bona fide* dispute between the parties. The Parties engaged in discovery and analysis of pertinent information and resolved the issues between them with efficiency and dedication. The agreement reached by the Parties represents a fair and reasonable result for all of the Plaintiffs and, by all accounts, is fair and reasonable. Accordingly, the Court should approve the settlement.

Prepared by:

/s/ Todd S. Bailess
Todd S. Bailess (WVSB #10482)
Rodney A. Smith, Esquire (WVSB #9750)
Bailess Smith PLLC
108 ½ Capitol Street, Suite 300
Charleston, West Virginia 25301
Telephone: (304) 342-0550
Facsimile: (304) 344-5529
tbailess@bailesssmith.com
rsmith@bailesssmith.com

Mark A. Toor (WVSB #5228)
10 Hale Street, Second Floor
Charleston, West Virginia 25301
Telephone: (304) 380-2111
mark@marktoor.com

Agreed to by:

/s/ Richard Neely
Richard Neely (WVSB #2709)
Neely & Callaghan
159 Summers Street
Charleston, WV 25301-2134
rneely@neelycallaghan.com