IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

BETSY S. FARNSWORTH and
BRITTANY E. GAMBER on behalf of
themselves and others similarly situated,

    Plaintiffs,

v.                                    CIVIL ACTION NO. 2:18-cv-01334

LOVED ONES IN HOME CARE, LLC,

    Defendant.

## ORDER

Pending before the court is the parties' Joint Motion To Approve Settlement Agreement ("Joint Motion") [Docket 38]. The Joint Motion seeks to approve a global settlement in the amount of ten thousand dollars ($10,000) to be distributed in increments of $1,000 per Plaintiff, and the remaining proceeds to be applied to Plaintiffs' counsel's litigation costs.

This case arises from allegations by Betsy S. Farnsworth, Brittany E. Gamber, Linda Harris, Sonya Shaffer, Janet Shrewsbury, Gloria Choate, Alisha Adkins, and Rita Hatfield-Canterbury (collectively "Plaintiffs") that Loved Ones In Home Care, LLC ("Defendant") failed to pay Plaintiffs for travel time between client homes during their workday in violation of in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and 29 C.F.R. § 785.38. (Amended Compl. ¶¶ 1-5).

The FLSA contains a "judicial prohibition against the unsupervised waiver or settlement of claims." *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007), *superseded by regulation on other grounds as stated in Whiting v. The Johns Hopkins Hosp.*, 416 F. App'x 312, 315 (4th Cir. 2011). However, claims for back wages under the FLSA may be settled if the settlement is supervised by the Department of Labor or a district court. *See e.g., Lynn's Food*

*Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). In such cases, the proposed settlement must reflect a reasonable compromise of a bona fide dispute. *Id.* A court assessing a settlement for fairness must be provided with enough information to make such a determination. *See Kianpour v. Rest. Zone, Inc.*, No. DKC 11-0802, 2011 WL 5375082 at *2 (D. Md. Nov. 4, 2011).

The following factors are relevant to the reasonableness of an FLSA settlement: 1) the extent of discovery that has taken place; 2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; 3) the absence of fraud or collusion in the settlement; 4) the experience of plaintiff's counsel; and 5) the probability of plaintiff's success on the merits and the amount of the settlement compared to the potential recovery. *See Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975) (directing courts to consider these factors in assessing the reasonableness of a class action settlement); *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:09-cv-1310, 2009 WL 3094955 (E.D. Va. Sept. 28, 2009) (applying the *Flinn* factors when considering an individual settlement in an FLSA case).

In this case, the parties engaged in discovery calculated to determine Plaintiffs' damages. Specifically, the parties agreed to preliminarily conduct a sampling from the following critical data: payroll journal entries, handwritten time sheets, physical addresses of each patient cared for by Plaintiffs, and the order in which each patient was care for in a workday. For reliability purposes, the parties agreed for Plaintiffs' counsel to choose any five months within a two to three-year period for which the data would be comprised. Given the crux of both parties' position, i.e. not paid versus overpaid, the parties believed this would be the best approach to determine the extent of the damages and to save client resources. There does not appear to be fraud or collusion between the parties. The Plaintiffs' counsel have extensive experience in wage and hour litigation.

Plaintiffs' counsel and Defendant's counsel believe the settlement is fair and reasonable. Moreover, Plaintiffs concede that even if they would have prevailed at trial, there was a risk based upon the data analyzed that a jury would not find damages that reached $1,000 for each of the Plaintiffs. The Defendant does not object to Plaintiffs' counsel's request for $2,000 in litigation costs. Notably, Plaintiffs' counsel is not seeking their attorneys' fees incurred. Given the risks of litigation and that even had Plaintiff prevailed at trial, the risk that a jury would not award in excess of the settlement amount, I **FIND** that this settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions, and I **GRANT** the Joint Motion to Approve Settlement [Docket 38], in the amount of $10,000. I further **GRANT** Plaintiffs' counsel's request for $2,000 in litigation costs.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: Dec 2, 2019

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

Prepared by:

/s/ Todd S. Bailess
Todd S. Bailess (WVSB #10482)
Rodney A. Smith, Esquire (WVSB #9750)
Bailess Smith PLLC
108 ½ Capitol Street, Suite 300
Charleston, West Virginia 25301
Telephone: (304) 342-0550

3

Facsimile: (304) 344-5529
tbailess@bailesssmith.com
rsmith@bailesssmith.com

Mark A. Toor (WVSB #5228)
10 Hale Street, Second Floor
Charleston, West Virginia 25301
Telephone: (304) 380-2111
mark@marktoor.com

Agreed to by:

/s/ Richard Neely
Richard Neely (WVSB #2709)
Neely & Callaghan
159 Summers Street
Charleston, WV 25301-2134
rneely@neelycallaghan.com

4